Johnson, J.
On the death of Montaigne, the plaintiff’s intestate, Carey M. Keith, the defendant’s intestate, possessed himself of $200 in cash, which had belonged to the former, professedly with a view to its safe keeping. At that time an administration on the estate of Montaigne had not been granted, but Sebring, the plaintiff, who afterwards administered, was present at the time and made no objection, and the question rajsec[ Jjy the first and second grounds of the motion is, whether the plaintiff can maintain the action of assumpsit to recover the money. If the taking of the money be regarded merely as an unauthorised appropriation of it, there can be no doubt that assumpsit would lie. The case of Thomas v. Whip, cited approvingly by Lord Mansfield, in Miller v. Race, 1 Bur. 458, is directly to the point, lhat was an action of assumpsit, by all administrator, for money had and received to his uso. The defendant had been nurse to the intestate during his sickness, and being alone, carried away the money, &c. Lord Mansfield, who tried the cause, held that the action will lie. I did not understand the counsel as directly controverting the cor-rectnesg of this position, but out of the circumstance that * . r , , , , , plaintiff was present when the money was taken and made no objection, an attempt has been made to raise, by implication, a contract on the part of the plaintiff, that Carey M. Keith should take the money on deposite for safe- keeping, and that trover or detinue, and not assumpsit, was the proper remedy,
Generally, when one stands by and sees another take possession of his goods, without interposing an objection, the law would imply an assent that they should be kept until the owner should ask them to be restored; and to recover them, trover or detinue would be the proper remedy. It is equally clear, too, that for most purposes the administration has relation back to *341 the death of the intestate, and there is no question that the administrator would be bound by any disposition he might have made of the goods of the intestate ad-interim ; but his passive acquiescence in the intermeddling of others, never can be construed into a contract to dispose of th’e: goods, for the very obvious reason, that at the time he had no authority to prevent it, or to assent or dissent. There.is, therefore, nothing in these grounds.
According to the account of the defendant’s administration of the estate of his intestate, filed with the plea of pletie adminis-tmvit, the whole of the assets have been fully administered; but in this account the defendant has credited himself with $450 39, for a debt due to himself, and one of the questions arising out of the plea of plene administraml, referred to in the third ground of the motion, is, whether the defendant is entitled to retain for the whole amount of this debt, or rateably and in proportion to the plaintiff’s demand.
The plaintiff had'neglected to render the defendant a statement of his demand within twelve months from the grant of administration, as prescribed by the act of. 1788, 1 Brev. Dig. 336, and in the meantime the defendant- had gone on and paid all the other debts, leaving, according to the account filed, not quite enough to pay his own debt; and the defendant claims to retain the whole amount of his own debt,; on account of this neglect of the plaintiff.
The object of the act referred to, was to enable the administrator, in a reasonable time, to ascertain the' amount of the outstanding debts against the estate, that he might without delay go ori and administer the assets in the manner prescribed by law, and to this end it expressly declares, that if the creditors shall neglect to give in their debts within the time prescribed, the administrator shall not be liable to make'good the same; and if the plaintiff be permitted to come in'to share this fund rateably with the defendant, it is apparent-that the defendant must suffer loss, in manifest violation of the true object of the act. If the debts had all come within the time prescribed, and the assets had proved insufficient to pay them'all, the loss would have been shared rateably by all the. creditors, and that is what is provided for by the act. But the principle contended for by the plaintiff, throws the whole loss upon these two creditors, of which the defendant would be obliged to bear an increased ratio. To illustrate the proposition, let us suppose that the assets of an estate amount to $900, and that the debts against it amounted to $1,000. Here the loss to each creditor would be equal to about 10 per cent, on the amount of his debt; but if the whole loss falls on two creditors, whose demands are only one hundred dollars each, thén their loss is *342 eclua^t0 fifty por cent on the amount of their debts, and it cannot be that the plaintiff, by his own neglect, should subject the defendant to such a loss.
It struck me when this question was first raised, that no injustice would be .done to the defendant by allowing him to retain no more than ho would have been raleably entitled to, if the plaintiff’s demand had been rendered within the time. But upon reflection, I am satisfied that as between himself and the plaintiff, he is entitled to retain for the whole amount due him. If he had been merely a creditor, and not an administrator, and had been paid his debt, he certainly would not be bound to refund. The fund to pay it has been in his own hands, and it is at least a reasonable presumption that he has appropriated it to his own use. Ilis accepting the administration deprived him of no right, and will not be allowed to place him in a worse situation. I come, therefore, to the conclusion, that an administrator, against a creditor who has not rendered in a statement of his debt within the time prescribed by law, is entitled to retain for his whole debt, if the assets are insufficient to pay all. The debt claimed to be retained by the defendant, became due in 1824, and in the account filed with the plea of plene administravit,he has credited himself with interest up to 1829, the day on which the final account was passed in the Ordinary’s office. But on looking through the accounts, it appears that his principal receipts on account of the estate were in 1825-6, and that on a balance struck on an account brought down to March 1826, there was a balance of $204 46; and on another brought down to March, 1827, the balance in his hands is stated at $584 59; and it is contended for the plaintiff, that the interest on his demand was improperly brought down to 1829. There cannot be any doubt about this matter. The moment the defendant was in funds, the debt due to himself was paid and extinguished, and could no longer carry interest.
It was contended also for the plaintiff, that defendant could not give in evidence a debt due to himself, under the plea of plene administravit, but must be put to plead it specially. There is no doubt but that defendant might have pleaded a retainer for a debt due to himself, but the rule is very clear that it may be given in evidence under plene administravit. Toller’s Law of Ex’ors. 232. The appropriation of assets to the payment of his own debt, is as much a matter in the course of the administration, as the payment of a debt to another.
The subtraction of the interest charged by defendant on the debt due to himself, will, it is probable, leave a balance in his hands applicable to the payment of the plaintiff’s demand, *343 and it is attempted to sustain the verdict, upon tho ground that a general finding for the plaintiff, on the plea of plene adminis-Iravit, subjects the defendant to the payment of the whole de-. mand, without regard to the amount in his hands, and such seems to be the rigid rule. But it is obvious from the verdict of the jury and the whole history of the case, that the matters of suit arising out of the plea of plene administravit, were not tried, and did not enter into the verdict, and it is conceded that the foreman of the jury so stated to the Circuit Court. The case must therefore go back for a new trial, when the matters may be fully investigated, for this Court would not be warranted in taking up and adjudging facts not before tried.
Rice, for the motion.
Pepoon, contra.
Motion granted.
Harper, J. concurred.
O’Neall, J. absent.